**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHIRLEY B. WADE,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
NY-0353-19-0176-I-1

DATE: July 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shirley B. Wade</u>, Brooklyn, New York, pro se.

<u>Leslie L. Rowe</u>, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision as MODIFIED with respect to the jurisdictional analysis.

## BACKGROUND

The appellant has been employed by the agency as a Mail Handler since 1986. Initial Appeal File (IAF), Tab 6 at 7. On October 2, 2000, she suffered a compensable injury and has been working in various modified assignments ever since. *Id*. at 2-3. By letter dated June 11, 2019, the agency requested from the appellant an updated medical note that specified her restrictions. IAF, Tab 1 at 10. The letter indicated that the last medical note on file for the appellant was dated January 18, 2011. *Id*.

The appellant submitted an updated medical note on July 5, 2019. IAF, Tab 1 at 11, Tab 6 at 12. However, the agency discontinued her limited duty assignment on or around that date and did not offer her a new one until August 1, 2019. IAF, Tab 9 at 8-9.

The appellant filed a restoration appeal and requested a hearing. IAF, Tab 1. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that the appellant failed to make a nonfrivolous allegation that the agency's new restoration offer amounted to an arbitrary and capricious denial of restoration. IAF, Tab 11, Initial Decision.

The appellant has filed a petition for review, "asking for a petition for review" and including a copy of the initial decision. Petition for Review File, Tab 1. The agency did not file a response.

## ANALYSIS

To establish jurisdiction over a restoration appeal, a partially recovered individual such as the appellant must make nonfrivolous allegations that (1) she was absent from her position due to a compensable injury, (2) she recovered sufficiently to return to duty on a part-time basis, or to return to a position with less demanding requirements than those previously required of her, (3) the agency denied her request for restoration, and (4) the denial was arbitrary and capricious. Hamilton v. U.S. Postal Service, 123 M.S.P.R. 404, ¶ 12 (2016). An agency's rescission of a previously provided restoration may constitute an appealable denial of restoration. *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 9 (2012).

Based on our understanding of the pleadings and the facts of this case, the administrative judge seems to have overlooked the appellant's primary concern. Specifically, it appears that the appellant is contesting the agency's discontinuation of her former limited duty assignment and the month of work that she lost while she was waiting for a new one. Nevertheless, regardless of how the appellant's claim is construed, intervening precedent makes clear that the Board lacks jurisdiction over her appeal. After the initial decision in this case was issued, the Board issued *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20, holding that a denial of restoration is "arbitrary and capricious" only if the agency fails to satisfy its minimum restoration obligations under 5 C.F.R. § 353.301(d), namely, to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. Although the U.S. Postal Service has rules that obligate it to offer modified assignments when the work is available regardless of whether the duties constitute those of an established position, a violation of those

rules cannot form the basis for a Board appeal under 5 C.F.R. § 353.304(c). *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 14-15. In other words, an "agency's efforts to find work that did not constitute the essential functions of an established position cannot form the basis of a restoration claim before the Board." *Id.*, ¶ 18. The necessary implication of *Cronin* is that an agency's discontinuation of a limited duty assignment that does not comprise the essential functions of an established position is also outside the Board's restoration jurisdiction. For these reasons, we affirm the dismissal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.